**BRYAN CAVE LLP**
John W. Amberg, SBN: 108166
Shelly C. Gopaul, SBN: 246382
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Tel: (310) 576-2280
Fax: (310) 260-7180
Email: jwamberg@bryancave.com
       shelly.gopaul@bryancave.com

**BRYAN CAVE LLP**
Keith Aurzada, *Pro Hac Vice*
JPMorgan Chase Tower, Suite 3300
2200 Ross Avenue
Dallas, TX 75201
Tel: (214) 721-8000
Fax: (214) 721-8100
Email: keith.aurzada@bryancave.com

**BRYAN CAVE LLP**
Ryan T. Pumpian, *Pro Hac Vice*
John C. Bush, *Pro Hac Vice*
One Atlantic Center
Fourteenth Floor
1201 W. Peachtree St., NW
Atlanta, GA 30309
Tel: (404) 572-6600
Fax: (404) 572-6999
Email: ryan.pumpian@bryancave.com
       john.bush@bryancave.com

Attorneys for Defendant and Counterclaimant
eCLINICALWORKS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Uniloc Luxembourg S.A. and Uniloc USA, Inc. <br><br> Plaintiffs, <br><br> v. <br><br> eClinicalWorks, LLC, <br><br> Defendant. <br><br> And Related Counterclaim | **No. 2:13-cv-03244-MWF (PLAx)** <br> **DEFENDANT ECLINICALWORKS, LLC'S ANSWER** <br><br> **JURY TRIAL DEMANDED** |

Defendant eClinicalWorks, LLC ("eClinicalWorks") files this Answer to the Complaint of Plaintiffs Uniloc Luxembourg S.A. and Uniloc USA, Inc. (collectively, "Plaintiffs") for patent infringement, as follows:

To the extent any response is needed to the introductory paragraph of Plaintiffs' Complaint, eClinicalWorks admits that Plaintiff has filed a Complaint and that said Complaint removes allegations against entities who are no longer parties. eClinicalWorks denies the remaining allegations in the introductory paragraph.

## THE PARTIES

1. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

2. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3. eClinicalWorks admits the allegations in paragraph 3 of Plaintiffs' Complaint.

## NATURE OF THE ACTION

4. eClinicalWorks admits that this action purports to be an action for patent infringement under Title 35 of the United States Code, but denies that it has violated the U.S. Patent Act or that Plaintiff is entitled to any relief.

5. eClinicalWorks admits that this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. eClinicalWorks admits that it conducts business in this judicial district but denies that it conducted any acts or transactions complained of herein. eClinicalWorks is without sufficient information to form a belief as to the remaining allegations in paragraph 6 of Plaintiffs' Complaint and therefore denies the same.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

7. eClinicalWorks admits that this Court has personal jurisdiction over it because eClinicalWorks conducts continuous and systematic business in California and in this district, but eClinicalWorks denies that it has offered to sell and/or sold infringing electronic health records systems in this State and in this district. eClinicalWorks is without sufficient information to form a belief as to the remaining allegations in paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

8. eClinicalWorks admits that Exhibit A to Plaintiffs' Complaint is a copy of U.S. Patent No. 5,682,526. As to the remaining allegations in paragraph 8 of Plaintiffs' Complaint, eClinicalWorks believes the document speaks for itself. eClinicalWorks is without sufficient information to form a belief as to whether Plaintiff is the owner of the '526 Patent and therefore denies the same.

9. eClinicalWorks admits that, according to the face of Exhibit A, the application which matured into U.S. Patent No. 5,682,526 was purportedly filed on July 20, 1995, that the '526 Patent purportedly issued on October 28, 1997, that the purported inventors are listed as Timothy L. Smokoff, Tom Marlin, and Herbert J. Uhrig, and that the application was purportedly assigned to SpaceLabs Medical, Inc. eClinicalWorks is without sufficient information to form a belief as to the remaining allegations in paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10. eClinicalWorks believes that the '526 Patent speaks for itself and denies all allegations in paragraph 10 that are inconsistent with the document. eClinicalWorks further denies that the '526 Patent is valid or enforceable, and denies any remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11. eClinicalWorks believes that the '526 Patent speaks for itself and denies all allegations in paragraph 11 that are inconsistent with the document. eClinicalWorks further denies that the '526 Patent is valid or enforceable, and denies any remaining allegations in paragraph 11 of Plaintiffs' Complaint.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

12. eClinicalWorks believes that 45 C.F.R. Part 170 speaks for itself and denies all allegations in paragraph 12 that are inconsistent with said rules. eClinicalWorks further denies any remaining allegations in paragraph 12 of Plaintiffs' Complaint.

13. eClinicalWorks admits the allegations in paragraph 13 of Plaintiffs' Complaint.

14. eClinicalWorks believes that the rules governing ONC certification of electronic health record technology speak for themselves and denies all allegations in paragraph 14 that are inconsistent with said rules. To the extent there are any allegations in paragraph 14 that do not deal with the content of the ONC certification rules or that such certification can only be attained by practicing one or more claims of the '526 Patent, eClinicalWorks denies all such allegations.

15. eClinicalWorks believes that the rules governing ONC certification of electronic health record technology speak for themselves and denies all allegations in paragraph 15 that are inconsistent with said rules. To the extent there are any allegations in paragraph 15 that do not deal with the content of the ONC certification rules or that such certification can only be attained by practicing one or more claims of the '526 Patent, eClinicalWorks denies all such allegations.

16. eClinicalWorks believes that ASTM E2369 speaks for itself and denies all allegations in paragraph 16 that are inconsistent with the document. To the extent there are any allegations in paragraph 16 that do not deal with the content of ASTM E2369, eClinicalWorks denies such allegations.

17. eClinicalWorks believes that ASTM E369 speaks for itself and denies all allegations in paragraph 17 that are inconsistent with the document. To the extent there are any allegations in paragraph 17 that do not deal with the content of ASTM E2369, eClinicalWorks denies such allegations.

18. eClinicalWorks believes that ASTM E2369, the rules governing ONC certification of electronic health record technology, and Exhibit A speak for

themselves and denies all allegations in paragraph 18 that are inconsistent with these documents and rules. eClinicalWorks denies all remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19. eClinicalWorks believes that ASTM ES2369 and the rules governing ONC certification of electronic health record technology speak for themselves and denies all allegations in paragraph 19 that are inconsistent with these documents and rules. eClinicalWorks denies all remaining allegations in paragraph 19 of Plaintiffs' Complaint.

20. eClinicalWorks believes that ASTM ES2369 and the rules governing ONC certification of electronic health record technology speak for themselves and denies all allegations in paragraph 20 that are inconsistent with these documents and rules. eClinicalWorks denies all remaining allegations in paragraph 20 of Plaintiffs' Complaint.

21. eClinicalWorks denies each and every allegation in paragraph 21 of Plaintiffs' Complaint.

22. eClinicalWorks denies each and every allegation in paragraph 22 of Plaintiffs' Complaint.

## FIRST CLAIM FOR RELIEF

## FOR DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,682,526

23. eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 22 as though fully set forth herein.

24. eClinicalWorks denies each and every allegation in paragraph 24 of Plaintiffs' Complaint.

25. eClinicalWorks admits that certain versions of its software have been certified as 2011/2012 ONC compliant. eClinicalWorks denies any allegations in paragraph 25 that such certification means that the eClinicalWorks software infringes any rights of Plaintiffs or their patent, and denies any other remaining allegations in paragraph 25 of Plaintiffs' Complaint.

26. eClinicalWorks denies each and every allegation in paragraph 26 of Plaintiffs' Complaint.

27. eClinicalWorks denies each and every allegation in paragraph 27 of Plaintiffs' Complaint.

28. eClinicalWorks denies each and every allegation in paragraph 28 of Plaintiffs' Complaint.

29. eClinicalWorks admits that certain versions of its software have been certified as 2011/2012 ONC compliant. eClinicalWorks denies any allegations in paragraph 29 that such certification means that the eClinicalWorks software infringes any rights of Plaintiff or its patent, and denies any other remaining allegations in paragraph 29 of Plaintiffs' Complaint.

30. eClinicalWorks admits that certain versions of its software have been certified as 2011/2012 ONC compliant. eClinicalWorks denies any allegations in paragraph 30 that such certification means that the eClinicalWorks software infringes any rights of Plaintiff or its patent, and denies any other remaining allegations in paragraph 30 of Plaintiffs' Complaint.

31. eClinicalWorks admits that certain versions of its software have been certified as 2011/2012 ONC compliant. eClinicalWorks denies any allegations in paragraph 31 that such certification means that the eClinicalWorks software infringes any rights of Plaintiff or its patent, and denies any other remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32. eClinicalWorks denies each and every allegation in paragraph 32 of Plaintiffs' Complaint.

33. eClinicalWorks denies each and every allegation in paragraph 33 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF FOR
## INDIRECTLY INFRINGING U.S. PATENT NO. 5,682,526

34. eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 33 as though fully set forth herein.

35. eClinicalWorks denies each and every allegation in paragraph 35 of Plaintiffs' Complaint.

36. eClinicalWorks admits that its customers have included Grove Medical Associates and Urban Health Plan. eClinicalWorks denies all remaining allegations in paragraph 36.

37. eClinicalWorks denies each and every allegation in paragraph 37 of Plaintiffs' Complaint.

38. eClinicalWorks learned of the '526 Patent only after suit was filed based on that patent. eClinicalWorks denies each and every other allegation in paragraph 38 of Plaintiffs' Complaint.

39. eClinicalWorks denies each and every allegation in paragraph 39 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF FOR
## CONTRIBUTING TO THE INFRINGING U.S. PATENT NO. 5,682,526

40. eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 39 as though fully set forth herein.

41. Paragraph 41 of Plaintiffs' Complaint appears to end in mid-sentence, and there is no page 10 of the Complaint between pages 9 and 11. eClinicalWorks denies any and all allegations in paragraph 41 and any other paragraphs contained in Plaintiffs' Complaint, including on page 10.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, eClinicalWorks asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff.

eClinicalWorks expressly reserves the right to amend its Answer, Affirmative Defenses and Counterclaim as additional information becomes available and/or is otherwise discovered:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against eClinicalWorks upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, eClinicalWorks states that Plaintiffs are wholly or partially barred from the relief that they seek because the '526 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '526 Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that eClinicalWorks has infringed upon any of the claims of the '526 Patent, and Plaintiff is further barred from asserting a claim construction that would cause any of the claims of the '526 Patent to be infringed by any products or methods made, used, offered for sale, or sold by eClinicalWorks..

**FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by eClinicalWorks of any of the claims of the '526 Patent to the extent that Plaintiff and/or any predecessor owners and/or licensees of the patents have not complied with the notice and/or marking requirements of 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

eClinicalWorks has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling any product or method which would infringe any valid and/or enforceable claim of the '526 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

eClinicalWorks denies that Plaintiff is entitled to any of the relief requested against eClinicalWorks.

**EIGHTH AFFIRMATIVE DEFENSE**

eClinicalWorks states that the '526 Patent and claims set forth therein are invalid as the alleged invention fails to satisfy 35 U.S.C. § 101 as the alleged invention is not patentable subject matter.  In particular, the alleged invention does not transform an article and/or is not tied to a particular machine.  Moreover, any alleged involvement of a machine is merely an insignificant extra solution activity.

**PRAYER FOR RELIEF**

WHEREFORE, eClinicalWorks denies that Plaintiffs are entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

   A.  Dismissing Plaintiffs' Complaint against eClinicalWorks, with prejudice;

   B.  Finding that eClinicalWorks has not infringed and is not infringing upon any of the claims of the '526 Patent;

C. Finding that each claim of the '526 Patent is invalid;

D. Finding that the '526 Patent is unenforceable;

E. Enjoining Plaintiff and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '526 Patent against eClinicalWorks, or any of its customers, agents, successors and assigns;

F. Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding eClinicalWorks its reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

G. Awarding to eClinicalWorks such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

eClinicalWorks hereby demands a jury trial on all issues so triable.

DATED: July 3, 2013

BRYAN CAVE LLP
John W. Amberg
(*jwamberg@bryancave.com*)
Keith Aurzada
(*keith.aurzada@bryancave.com*)
Ryan T; Pumpian
(*ryan.pumpian@bryancave.com*)
Shelly C. Gopaul
(*shelly.gopaul@bryancave.com*)
John C. Bush
(*john.bush@bryancave.com*)
120 Broadway, Suite 300
Santa Monica, CA  90401-2386


By ____*/s/ Ryan T. Pumpian*_____
Ryan T. Pumpian
Attorneys for Defendant
eCLINICALWORKS, LLC

9
DEFENDANT ECLINICALWORKS, LLC'S ANSWER

PGDOCS\6292197.2\0324009

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2305.

On July 3, 2013, I served the foregoing document, described as **DEFENDANT ECLINICALWORKS, LLC'S ANSWER** on each interested party in this action, as follows:

| | |
|---|---|
| Lawrence M. Hadley (*LHadley@McKoolSmithHennigan.com*) Jeffrey Huang (*JHuang@McKoolSmithHennigan.com*) **McKOOL SMITH HENNIGAN, P.C.** 865 South Figueroa Street, Suite 2900 Los Angeles, CA 90017 Tel: 213-694-1200 Fax: 213-694-1234 | Jim Etheridge (*jim@etheridgelaw.com*) **ETHERIDGE LAW GROUP** 2600 East Southlake Blvd Suite 120-324 Southlake, TX 76092 Tel: 817-470-7249 Fax: 817-887-5950 |

Attorneys for *Uniloc Luxembourg, S.A.*

Don V. Kelly
(*dkelly@evans-dixon.com*)
Benjamin M. Fletcher
(*bfletcher@evans-dixon.com*)
**EVANS & DIXON LLC**
Metropolitan Square
211 N. Broadway, Suite 2500
St. Louis, MO 63102-2727
Tel: 314-621-7755
Fax: 314-621-3136

Attorneys for *Pulse Systems, Inc.*

☒ **VIA ELECTRONIC SERVICE :** By electronic filing with the Clerk of this Court using the CM/ECF System, which will send a Notice of Electronic Filing (NEF) to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

Executed on July 3, 2013, at Santa Monica, California.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Judith C. Chiri

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386